```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SIDONA ALLISON,                                 :
                                                :   OPINION & ORDER
                       Plaintiff,               :   09 Civ. 06931 (GWG)
                                                :
       -v.-                                     :
                                                :
RITE AID CORPORATION, GELCO CORP., and          :
BHARAT A. HINDGORANI,                           :
                                                :
                       Defendants.              :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sidona Allison has brought suit alleging that defendant Bharat Hindgorani negligently caused a collision between the car he was driving and Allison's car. Defendants contend that Allison's own negligence at least in part caused the collision. The parties have consented to having this matter decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Allison has filed a motion for partial summary judgment on the issues of Hindgorani's alleged negligence and Allison's alleged comparative negligence. For the reasons discussed below, Allison's motion for partial summary judgment is granted.

I.    FACTUAL BACKGROUND

The following facts are undisputed.

On November 15, 2008, Allison and Hindgorani were each driving an automobile northbound on Grand Concourse, heading toward the intersection of Mount Eden Avenue in Bronx, New York. See Decl. of Sidona Allison in Supp. of Mot. for Partial Summ. J., filed Aug. 16, 2011 (Docket # 20) ("Allison Decl.") ¶¶ 3–4; accord Defs.' Rule 56.1 Statement, filed Sept. 1, 2011 (Docket # 26) ¶ 1. Hindgorani was driving a minivan as part of his duties as an employee of defendant Rite Aid Corporation. See Answer, dated May 15, 2009 (annexed as Ex.

1

2 to Decl. of Matthew J. McMahon in Supp. of Mot. for Partial Summ. J., filed Aug. 16, 2011 (Docket # 21) ("McMahon Decl.") ¶ 2 (admitting ¶ 12 of the Compl., dated Apr. 14, 2009 (annexed as Ex. 1 to McMahon Decl.)). Defendant Gelco Corp. owned the minivan that Hindgorani drove and had leased it to Rite Aid Corporation. Id. (admitting ¶¶ 10, 11, and 14 of the Compl.).

As the drivers approached the intersection, Allison was driving along the left lane of the two-lane main thoroughfare of Grand Concourse, while Hindgorani was driving along the parallel service road to the right. See Allison Decl. ¶¶ 3–5; accord Defs.' Rule 56.1 Statement ¶ 1. A metal divider separates the thoroughfare and the service road. See Allison Decl. ¶ 5; id, Exs. 1–3. Traffic signs were posted alongside the portion of the service road on which Hindgorani drove stating that left-hand turns were prohibited from the service road. See id. ¶ 6–7; id., Ex. 3; accord Defs.' Rule 56.1 Statement ¶ 1. Nevertheless, after coming to a full stop at the intersection of Grand Concourse and Mount Eden Avenue, Hindgorani turned left from the service road onto Mount Eden Avenue. Dep. Tr. of Bharat Hindgorani, dated Aug. 16, 2011 (annexed as Ex. 5 to McMahon Decl.) ("Hindgorani Dep."), at 27–28, 31.

After making this turn, Hindgorani's minivan crossed into the lane of the main road in which Allison was driving. Allison Decl. ¶ 10. "A little bit before" the collision, Allison saw Hindgorani's car passing through the intersection and applied his brakes "real hard," steering away from Hindgorani. Dep. Tr. of Sidona Allison, dated Jan. 5, 2011 (annexed as Ex. 4 to McMahon Decl.) ("Allison Dep."), at 31–32; Allison Decl. ¶ 10. Allison did not completely avoid hitting Hindgorani, however, and instead collided with the left side of Hindgorani's minivan. Allison Dep., at 31–33. At the time of the accident, both motorists were driving within the speed limit. Allison Dep., at 15, 31; Hindgorani Dep., at 29.

II.     GOVERNING LEGAL PRINCIPLES

   A.   Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)); accord Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001) ("[A]ll reasonable inferences must be drawn against the party whose motion is under consideration.").

Once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (internal quotation marks and citation omitted). Thus, "[a] defendant moving for

3

summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247–48).

    B.    Negligence

Because the parties have relied on New York State law in presenting their arguments to this Court, we assume that New York law applies to this diversity action. See, e.g., Merrill Lynch Interfunding, Inc. v. Argenti, 155 F.3d 113, 121 n.5 (2d Cir. 1998). Under New York law, negligence is the failure to exercise reasonable care under the circumstances. Beadleston v. Am. Tissue Corp., 41 A.D.3d 1074, 1076 (3d Dep't 2007). In addition, a violation of an applicable "State statute that imposes a specific duty constitutes negligence per se." Elliott v. City of New York, 95 N.Y.2d 730, 734 (2001). New York State traffic law provides that "no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by [any] markers, buttons, signs, or other markings," N.Y. Veh. & Traf. Law § 1160(d). Accordingly, the unexcused failure of an automobile driver to adhere to the instructions posted on roadway signs constitutes negligence as a matter of law. See McCauley v. Sidor, 272 A.D.2d 528, 529 (2d Dep't 2000). As a result, if the driver of an automobile makes a prohibited turn from a service road in violation of a posted roadway sign, he acts negligently as a matter of law. Blangiardo v. Hirsch, 29 A.D.3d 841, 842 (2d Dep't 2006).

A tortfeasor is typically liable for those injuries that his negligent act proximately caused. Generally, an act proximately causes a certain event when the act is a "substantial cause" of the event, Derdiarian v. Felix Contracting Corp., 51 N.Y.2d 308, 315 (1980), or where the event is a "normal or foreseeable consequence" of the act, Tutrani v. County of Suffolk, 10 N.Y.3d 906, 908 (2008).

When a plaintiff's own negligence is a proximate cause of the injuries he sustained, the plaintiff is said to have been "comparatively negligent," e.g. Trupia v. Lake George Cent. Sch. Dist., 14 N.Y.3d 392, 394–95 (2010) (noting that New York's comparative negligence statute abolished the doctrine of contributory negligence), and the plaintiff's recoverable damages are reduced by his relative share of fault in bringing about his injuries.  N.Y. C.P.L.R. § 1411.  However, while a plaintiff bears the burden of proving that the defendant's negligence was a proximate cause of the alleged harm, Derdiarian, 51 N.Y.2d at 315, the defendant bears the burden of proving that the plaintiff's negligence contributed to the injuries the plaintiff sustained, see C.P.L.R. § 1412 ("Culpable conduct claimed in diminution of damages . . . shall be an affirmative defense to be pleaded and proved by the party asserting the defense."); Lucido v. Mancuso, 49 A.D.3d 220, 231 (2d Dep't 2008).  Therefore, if Allison can show he is entitled to summary judgment on the issue of Hindgorani's negligence, Hindgorani is solely liable for the accident unless he can point to evidence that would allow a reasonable jury to find that Allison had driven negligently.

III.   DISCUSSION

   A.   Negligence of Hindgorani

The material facts in this case are undisputed as they relate to Hindgorani's culpability. See, e.g., Defs.' Rule 56.1 Statement ¶ 1 (adopting all facts relating to Hindgorani's conduct contained in Pl.'s Statement of Undisputed Material Facts on Issue of Defs.' Negligence, filed Aug. 18, 2011 (Docket # 23)).  At the intersection of Grand Concourse and Mount Eden Avenue, Hindgorani turned left off of a service lane in violation of traffic signs that indicated such a turn was prohibited.  Hindgorani Dep., at 27–28, 31; Allison Decl. ¶¶ 6–7; id., Ex. 3.  Because this action violated New York Vehicle and Traffic Law § 1160(d), Hindgorani acted negligently as a

matter of law. See Blangiardo, 29 A.D.3d at 842; McCauley, 272 A.D.2d at 529. It is a natural and foreseeable consequence of a motorist's negligently turning into the driving lane of others that oncoming traffic might be unable to avoid colliding with the negligent motorist. See, e.g., Tutrani, 10 N.Y.3d at 908 ("That a . . . driver may be unable to stop his or her vehicle in time to avoid a collision with a [negligently driven] vehicle is a normal or foreseeable consequence of the situation created by [the negligent driver's] actions."). Therefore, Hindgorani's negligence was a proximate cause of the collision and any injuries Allison may have sustained. As a result, Allison is entitled to summary judgment on the issue of Hindgorani's negligence.

      B.      <u>Comparative Negligence of Allison</u>

As to the issue of Allison's comparative negligence, defendants bear the burden of proof. See C.P.L.R. § 1412; Lucido, 49 A.D.3d at 231. Defendants argue that Allison acted negligently in failing to avoid the collision with Hindgorani. Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Partial Summ. J., filed Sept. 2, 2011 (Docket # 28) ("Defs.' Mem.") ¶¶ 5, 9. The sole evidentiary basis on which defendants' argument relies is Allison's testimony that he saw Hindgorani's car "a little bit before" the collision, at which point he applied the break "real hard" and unsuccessfully tried to turn his vehicle away from Hindgorani's. See Allison Dep., at 31–32. But this scant evidence would not allow a reasonable jury to conclude that Allison acted negligently. When a driver negligently makes a turn into a motorist's lane, it is to be expected that the responsible motorist would have seen the negligent driver "a little bit before" any collision. Merely seeing the negligent driver shortly before a collision does not by itself suggest that the motorist had an opportunity to avoid colliding with the other driver or acted negligently in any other manner. See, e.g., Yelder v. Walters, 64 A.D.3d 762, 763, 769 (2d Dep't 2009) (no negligence where the defendant, driving at 20 to 30 miles per hour, had the right of way and had only 3 to 5 seconds to

react to the oncoming plaintiff); DeLuca v. Cerda, 60 A.D.3d 721, 722 (3d Dep't 2009) (no negligence where driver had "only seconds in which to react"); Long v. Niagara Frontier Transp. Auth., 81 A.D.3d 1391, 1393 (4th Dep't 2011) (1.5 seconds); Meliarenne v. Prisco, 9 A.D.3d 353, 354 (2d Dep't 2004) ("split second").  Thus, Allison's admission that he saw Hindgorani "a little bit before" the accident is not a sufficient basis for a reasonable jury to conclude that Allison acted negligently.

Defendants also contend that Allison's failure to look to the left and right of his car for perpendicularly oncoming traffic as he drove along Grand Concourse constituted a failure to exercise due care while driving.  Defs.' Mem. ¶ 9.  Certainly, a driver is required to "see that which through proper use of his or her senses he or she should have seen . . . ." Vainer v. DiSalvo, 79 A.D.3d 1023, 1024 (2d Dep't 2010).  However, as the motorist with the right of way, Allison was entitled to assume that Hindgorani would obey the traffic laws and not illegally cross into the main thoroughfare.  See id. ("[A] driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield."); Deluca, 60 A.D.3d at 722 ("As the driver who had the right-of-way, he was entitled to anticipate that [the defendant] would obey the traffic laws by coming to a complete stop before entering the roadway.").

IV.     CONCLUSION

For the foregoing reasons, the plaintiff's motion for partial summary judgment (Docket # 18) on the issue of liability is granted. The Court will issue a separate order to govern the trial on damages.

SO ORDERED.

Dated: September 23, 2011
       New York, New York

                                                    _____
                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge

8